# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**MONA ABOUZAKI,**

      Plaintiff,

v.   Civil Action No. 3:18-cv- 00129

**EQUITYEXPERTS.ORG, LLC,**
Please Serve:
Registered Agents, Inc.
4445 Corporation Lane, Suite 264
Virginia Beach, Virginia 23462

      Defendant.

## COMPLAINT

Now comes Mona Abouzaki ("Plaintiff"), by counsel, and sets forth to the Court the following:

### I.   Preliminary Statement

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. 1692 *et seq.* (Federal Fair Debt Collection Practices Act – "FDCPA").

### II.   Jurisdiction

2. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

### III.   Parties

3. Plaintiff is a natural person who resides in the Commonwealth of Virginia.

4. EquityExperts.Org, LLC ("Defendant") is a for-profit corporation and debt collector (as that term is defined in 15 U.S.C. § 1692a(6)) doing business in the Commonwealth of Virginia.

## IV. Venue

5. Venue is proper in this Court because the Defendant's registered office is within the boundaries of the Eastern District of Virginia; Plaintiff resides in this District and Division; and a significant part of Plaintiff's claim occurred in Henrico County, Virginia.

## V. Statement of Facts

### *Defendant is a Debt Collector*

6. Defendant instituted collection action on homeowner's association assessments allegedly incurred by Plaintiff. Such homeowner's association assessments are "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant regularly "uses instrumentalit[ies] of interstate commerce [and] the mails" in its business. 15 U.S.C. § 1692a(6). Defendant routinely makes telephone calls to Virginia citizens and uses the U.S. mail to contact Virginia citizens.

8. Defendant markets and describes itself as specializing in "Association Collection."

9. On its public website, Defendant claims the following:

    Equity Experts is an established leader and innovator in the association collections industry. Our company was established in 2004 in response to the need for an efficient and cost-effective collections solution for association delinquencies. Our deferred cost collections model became an important tool for our association clients to maintain healthy cash-flow during the rough economic climate of the past few years.

    *Available at* https://equityexperts.org/company-profile (accessed February 19, 2018).

10. At all times relevant to this case, Defendant has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6), because its principal purpose is the collection of debts.

11. At all times relevant to this case, Plaintiff has lived in the home located at 6913 Vanderbilt Avenue, Richmond, Virginia 23226 (the "home").

*Defendant Violates the FDCPA*

12. On or about March 29, 2017, Defendant sent a form dunning letter[1] to Plaintiff demanding payment of $1,210.00 in an attempt to collect a debt. A true and accurate copy of the letter accompanies this complaint as "Exhibit A." The form letter stated the following in its relevant part:

> Dear Mona Abouzaki:
>
> Charles Glen Homeowners Association, Inc. (the "Association") has transferred your account to EquityExperts.org, LLC to collect a debt that they claim you owe. Charles Glen Homeowners Association, Inc. is the original creditor of this debt. This debt arose out of your membership in the Association and your ownership of the property located at 6913 Vanderbilt Avenue.
>
> Your unpaid balance is $1,210.00. This balance may consist of regular association assessments, special assessments, interest, fees, fines and costs, which include amounts incurred by the Association to collect the debt.
>
> NON – ACCELERATED: Please be advised that until the balance is paid in full, new assessments, fees, and the costs of collection may continue to be added and the amount of your debt may continue to increase.
>
> - *Unless you dispute the validity of the debt, or any part of the debt, within 30 days after you receive this notice, Equityexperts.org, LLC will assume that the debt is valid.*
> - *If you notify us within the thirty-day period that you dispute the debt, or any part of the debt, we will obtain verification of the debt or a copy of the judgment against you, if any, and mail a copy of the verification and/or judgment to you.*
> - *If you request the name of the original creditor within the thirty-day period, we will provide the name and address of the original creditor, if different from the current creditor.*
>
> Please contact us at (855) 321-3973 to discuss this important matter. We accept payment by check or credit card over the phone. You may also mail your payment. For timely processing of your payment, it must be made out to *Equity Experts* or your Association and mailed to 2391 Pontiac Rd. Auburn Hills, MI 48326.
>
> Respectfully yours,
>
> EquityExperts.org

13. Exhibit A was the "initial communication" with Plaintiff by Defendant, as that term is

---

[1] A "dunning letter" is a letter demanding payment of a debt – *i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro, Brown & Alt*, 2014 U.S. Dist. Lexis 131979, * 1, n. 1 (E.D. Va. 2014); *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

used in 15 U.S.C. § 1692g(a).

14. Defendant failed to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a) in Exhibit A or within five days of its "initial communication" with Plaintiff because Defendant omitted from Exhibit A language setting forth the requirement that Plaintiff dispute the debt "in writing" as set forth in 15 U.S.C. § 1692g(a).

15. The full text of the debt validation disclosure required by 15 U.S.C. § 1692g, provides as follows:

> *Notice of debt; contents*
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>     (1) the amount of the debt;
>     (2) the name of the creditor to whom the debt is owed;
>     (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>     (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>     (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> *Disputed debts*
> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent

with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added.)

16. By omitting the "in writing" requirement from the disclosures required to be made by § 1692g, Defendant seeks to discourage disputes that it would be required to respond to as a third party debt collector.

17. By omitting the "in writing" requirement from the disclosures that a debt collector must make through the mandatory § 1692g debt validation process, Defendant seeks to eliminate any disputes beyond thirty days. A consumer who does not make a *written* dispute within the thirty-day validation period loses the rights afforded by §§ 1692g(a)(4) and 1692g(b).[2]

18. As the Ninth Circuit noted in *Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078, 1080 (9th Cir. 2005): "Section 1692g(b) further provides that if the consumer notifies the collector of a dispute *in writing* within the 30-day period, the collector shall cease collection activities until he obtains the verification or information required by 15 U.S.C. § 1692g(a)(4) and (5)." (emphasis in original).

19. More than six years ago, Judge Hudson, citing both *Camacho* and a 1997 Judge Merhige opinion, provided a clear beacon for applicable § 1692g(b) compliance in the following fashion:

"The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4)…*only* through written dispute." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (emphasis added). "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all

---

[2] Section 1692g(b) explicitly requires written communication. *Clark v. Absolute Collection Service, Incorporated*, 741 F.3d 487, 490 (4th Cir. 2014).

collection efforts as required by § 1692g(b)." *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D. Va. 1997); *see also* **15 U.S.C. § 1692g(b)** ("If the consumer notifies the debt collector **in writing** . . . that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt[,]. . . or the name and address of the original creditor . . .").

*Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011). (emphasis added).

20. *Bicking* also held that omission of the "in writing" requirement from the disclosures that a debt collector must make through the mandatory § 1692g debt validation process violates 15 U.S.C. § 1692e(10), which prohibits "the use of any false representation or deceptive means to collection or attempt to collect any debt or to obtain information concerning a consumer." *Id.*; *Bicking*, 783 F. Supp. at 845-46.

21. Following the Fourth Circuit's *Clark* opinion, Judge Hudson repeated this principal in *DeCapri v. Shapiro, Brown & Alt, LLP*, 2014 U.S. Dist. Lexis 131979, * 15, 21 & 22 (ED Va. 2014), stating as follows: "…debtors can trigger the rights under subjection (a)(4) only through written dispute" and "…Defendant's failure to include the 'in writing' requirement could easily deceive the least sophisticated consumer into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his rights under sections 1692a(4) and 1692b."

22. On or about May 8, 2017, Defendant sent a dunning letter to Plaintiff demanding payment of $1,209.82 in an attempt to collect a debt. A true and accurate copy of the letter accompanies this complaint as "Exhibit B." Exhibit B stated the following in its relevant part:

Dear MONA ABOUZAKI:

EquityExperts.org, LLC is attempting to collect a debt on behalf of Charles Glen Homeowners Association, Inc.. (the "Association") This debt relates to your membership in the association and the property located at 6913 VANDERBILT AVENUE. The balance due on this debt is $1209.82. This balance includes the unpaid balance of your Association's assessments and may also include special assessments, interest, fees, fines, attorney's fees and the costs incurred by the Association to collect the debt. Your account balance may also include amounts owed for prior years' assessments and costs that may be secured by a prior legal judgment, if any have been obtained against you.

Please be advised that this amount may be different from the amount stated in our previous letter. This balance reflects any payments you may have made, and may also include new assessments, late fees, interest, fines or collection costs that may have been added to the balance since our last letter. Until the balance is paid in full, new association assessments or special assessments, late fees and the costs of collection may continue to be added each month and the amount of your debt may continue to increase.

Please be advised that all amounts assessed by the association, including all collection costs, are your personal obligation and they are secured by a lien on the property at 6913 VANDERBILT AVENUE. Charles Glen Homeowners Association, Inc. is authorized to collect the debt by enforcing that lien. This letter is your notification that we intend to file a notice of lien against your property if your total balance is not paid within 15 days of the date on this letter. If the debt is not paid within that time, a collection cost in the amount of $395.00, described in the attached Collection Activity and Cost Notice, actual attorney's fees incurred to prepare the lien, and any fees paid to file the lien may be charged to the association and added to your balance.

Please contact us at (855) 321-3973 to discuss this important matter. You may make a payment by check or credit card. For timely processing of your payment, it must be made out to *Equity Experts* and mailed to 2391 Pontiac Rd. Auburn Hills, MI 48326. You may also call our office to pay by credit card.

Respectfully yours,
EquityExperts.org

23. Exhibit B falsely states "that all amounts assessed by the association, including all collection costs,…are secured by a lien on the property at 6913 VANDERBILT AVENUE. Charles Glen Home Owners Association, Inc. is authorized to collect the debt by enforcing that lien." Ex. B.

24. No lien has ever existed on the home in favor of Charles Glen Home Owners Association, Inc. ("Charles Glen") at any time relevant to this case. Under Virginia law,

       Charles Glen only had the right to obtain a lien on the home for "unpaid assessments" if it complied with Va. Code § 55-516 and filed a memorandum of lien with the Clerk's Office of the Henrico County Circuit Court (the "Clerk's Office"). Charles Glen has never complied with Va. Code § 55-516 and never filed any memorandum of lien with the Clerk's Office for unpaid assessments purportedly owed to Charles Glen by Plaintiff. Even if Charles Glen had complied with Va. Code § 55-516 and filed a memorandum of lien with the Clerk's Office for unpaid assessments, the amount of such lien would have been limited to "[t]he amount of unpaid assessments currently due or past due." Va. Code § 55-516(B)(4). Under Va. Code § 55-516, "collection costs" were not subject to inclusion in any lien to be filed against the home by Charles Glen.[3]

25.    Exhibit B falsely states "[t]his letter is your notification that we intend to file a notice of lien against your property if your total balance is not paid within 15 days of the date on this letter." Ex. B. Defendant never filed any memorandum of lien against the home in

---

[3] Section 4.3 of the Declaration for Charles Glen provides:

Creation of the Lien and Personal Obligation for Assessments.

The Declarant, for all of the Property, hereby covenants and agrees, and each Owner of any Site, by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay to the Association all assessments provided in this Article IV, and any other fees, dues, charges or other costs authorized by the Declaration, Bylaws or the Articles of Incorporation. All assessments, together with interest, any late charge for which provision is made in the bylaws of the Association and collection costs, including without limitation reasonable attorneys' fees, shall be a charge on each Site and shall be a continuing lien upon each Site against which each such assessment is made, and the provisions of Sections 4-4(f) and 4 4(g) shall apply thereto. Each such assessment, together with interest. any late charge as aforesaid and collection costs, shall also be the personal obligation of the Owner of such Site at the time when such assessment fell due. The personal obligation for delinquent assessments shall not pass to successors in title unless expressly assumed by each such successor.

However, Va. Code § 55-56 limits the lien to "unpaid assessments," so Defendant and Charles Glen lacked authority to include collection costs in any lien to be filed against the home.

favor of Charles Glen, and Defendant never intended to file a memorandum of lien against the home in favor of Charles Glen. Moreover, neither Defendant nor Charles Glen had the right to file a memorandum of lien against the home without providing written notice of the filing of a memorandum of lien to Plaintiff by Certified Mail at least ten days before the actual filing of the memorandum of lien. Va. Code § 55-516(C). Neither Charles Glen nor Defendant sent the notice required by Va. Code § 55-516(C) to Plaintiff by Certified Mail.

26. Exhibit B falsely states:

> If the debt is not paid within [15 days of the date on this letter], a collection cost in the amount of $395.00, described in the attached Collection Activity and Cost Notice, actual attorney's fees incurred to prepare the lien, and any fees paid to file the lien may be charged to the association and added to your balance.

Ex. B. Defendant never intended to file a memorandum of lien against the home in favor of Charles Glen. Moreover, neither Defendant nor Charles Glen had the right to file a memorandum of lien against the home without providing written notice of the filing of a memorandum of lien by Certified Mail at least ten days before the actual filing of the memorandum of lien. Va. Code § 55-516(C). Neither Charles Glen nor Defendant sent the notice required by Va. Code § 55-516(C) to Plaintiff by Certified Mail.

27. On or about June 16, 2017, Defendant sent a letter to Plaintiff demanding payment of $1,605.00 in an attempt to collect a debt. A true and accurate copy of the letter accompanies this complaint as "Exhibit C." Exhibit C stated the following in its relevant part:

> Dear Mona Abouzaki:
>
> EquityExperts.org LLC is a debt collector. We are attempting to collect a debt on behalf of Charles Glen Homeowners Association, Inc.. The debt relates to your membership in the association and the property located at 6913 Vanderbilt Avenue, Richmond, Va.

> In our previous letter, we advised you that if the debt was not paid within 15 days, a lien would be filed against your property and additional collection charges would be added to your debt. Unfortunately, we have not received full payment of the debt. Accordingly, this letter is your notice that a lien has been mailed for recording against your property. A $395.00 collection fee, actual attorney's fees incurred to prepare the lien and actual filing fees have been charged to your association, who will add these charges to your balance.
>
> The balance due on this debt is $1,605.00. This balance takes into account any payments that may have been received and includes the additional costs that were mentioned above. It may also include new assessments, late fees, interest, fines, or other charges that may have become due since the date of our last letter.
>
> We wish to help you resolve this debt. Please contact us as soon as possible. If you call, we may be able to offer you a payment plan that you can afford. However, if the balance is not paid or if you do not agree to an acceptable payment plan within (10) days of this letter, we will escalate our collection process to the Escalated Debtor Outreach process, and, as set forth in the Collection Activity and Cost Notice provided to you in our previous letter, an additional $350.00 collection charge will be added to your balance. Any additional amounts that are added to your account balance after the date of this letter must also be paid to release a lien on the property.
>
> On behalf of Charles Glen Homeowners Association, Inc., we want to work with you to resolve this debt now and avoid any additonal charges. Please contact us at (855) 321-3973 to pay your balance or to discuss payment arranagements. For timely processing of your payment, it must be made out to *Equity Experts* and mailed to the address listed above. You may also call our office to pay by credit card.
>
> Thank You,
> Equity Experts

28. Exhibit C falsely states "this letter is your notice that a lien has been mailed for recording against your property." Ex. C. Defendant never mailed any memorandum of lien for recording against the home in favor of Charles Glen, and Defendant never intended to mail a memorandum of lien for recording against the home in favor of Charles Glen. Moreover, neither Defendant nor Charles Glen had the right to file a memorandum of lien against the home without providing written notice of the filing of a memorandum of lien by Certified Mail to Plaintiff at least ten days before the actual filing of the memorandum of lien. Va. Code § 55-516(C). Neither Charles Glen nor Defendant sent the notice required by Va. Code § 55-516(C) to Plaintiff by Certified Mail. The memorandum of

lien enclosed with Exhibit C (the "draft lien") purported to include "Collection Costs" of $649.20, even though Va. Code § 55-516 only permitted inclusion of the "unpaid assessments" in any such memorandum of lien. The draft lien also failed to include "the date when each [unpaid assessment] fell due" as required by Va. Code § 55-516(B)(4). *Id.*

29. Exhibit C falsely states that "[a]ny additional amounts that are added to your account balance after the date of this letter must also be paid to release a lien on the property." Ex. C. Even if the draft lien had been recorded, the amount of the lien is discharged or satisfied when the amount of the lien is paid. Defendant misrepresented the law and, thus, Plaintiff's right to discharge or satisfy a lien without paying amounts not included in that lien.

30. On or about July 3, 2017, Defendant sent a letter to Plaintiff demanding payment of $1,955.00 in an attempt to collect a debt. A true and accurate copy of the letter accompanies this complaint as "Exhibit D."

31. In response to Defendant collection efforts, on or about July 14, 2017, Plaintiff's son, Leonidas Tarabay ("Tarabay"), mailed a letter to Defendant which enclosed a check to cover the $1,955.00 demanded by Defendant. A true and accurate copy of the letter accompanies this complaint as "Exhibit E." Thereafter, Defendant deposited the check enclosed with Exhibit E and ceased its collection efforts against Plaintiff.

## VI. Claims for Relief

### Count One – Violation of 15 U.S.C. § 1692g(a)

32. Plaintiff re-avers and incorporates all other factual allegations set forth in this complaint.

33. By omitting from Exhibit A the requirement that Plaintiff dispute the debt "in writing" as

set forth in 15 U.S.C. § 1692g(a), Defendant violated 15 U.S.C. § 1692g(a).

34. As a proximate result of Equity Expert's violation of 15 U.S.C. § 1692g(a), Plaintiff was deprived of her right to the congressionally mandated notice set forth in 15 U.S.C. § 1692g(a).

35. Because of the facts set forth in this Count of this complaint, Plaintiff is entitled to entry of a judgment in her favor against Defendant for actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A) and costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k(a)(3).

## Count Two – Violation of 15 U.S.C. § 1692f

36. Plaintiff re-avers and incorporates all other factual allegations set forth in this complaint.

37. By its actions set forth above, including demands for and collection of amounts not permitted by law, Defendant violated 15 U.S.C. § 1692f.

38. As a proximate result of Equity Expert's violation of 15 U.S.C. § 1692f, Plaintiff sustained and will sustain damages, including but not necessarily limited to the following:

   A. Expenditure of funds for wrongful collection charges;

   B. Substantial inconvenience;

   C. Travel expenses to meet with legal counsel;

   D. Emotional and mental distress anxiety, worry, stress, loss of concentration, irritability and rage, misery, impairment of quality of work, and loss of the usual enjoyments of normal life;

   E. Physical distress resulting from her emotional and mental distress; and

   F. Interest on the losses recited above.

39. Because of the facts set forth in this Count of this complaint, Plaintiff is entitled to entry of a judgment in her favor against Defendant for actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A) and costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k(a)(3).

### Count Three – Violation of 15 U.S.C. § 1692d

40. Plaintiff re-avers and incorporates all other factual allegations set forth in this complaint.

41. By its actions set forth above, including demands for and collection of amounts not permitted by law, Defendant violated 15 U.S.C. § 1692d.

42. As a proximate result of Equity Expert's violation of 15 U.S.C. § 1692d, Plaintiff sustained and will sustain damages, including but not necessarily limited to the following:

    A. Expenditure of funds for wrongful collection charges;

    B. Substantial inconvenience;

    C. Travel expenses to meet with legal counsel;

    D. Emotional and mental distress anxiety, worry, stress, loss of concentration, irritability and rage, misery, impairment of quality of work, and loss of the usual enjoyments of normal life;

    E. Physical distress resulting from her emotional and mental distress; and

    F. Interest on the losses recited above.

43. Because of the facts set forth in this Count of this complaint, Plaintiff is entitled to entry of a judgment in her favor against Defendant for actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A) and costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k(a)(3).

### Count Four– Violation of 15 U.S.C. § 1692e

44. Plaintiff re-avers and incorporates all other factual allegations set forth in this complaint.

45. By its actions set forth above, including false representations regarding the filing, nature, and scope of the draft lien, Defendant violated 15 U.S.C. § 1692e.

46. As a proximate result of Equity Expert's violation of 15 U.S.C. § 1692e, Plaintiff sustained and will sustain damages, including but not necessarily limited to the following:

    A. Expenditure of funds for wrongful collection charges;

    B. Substantial inconvenience;

    C. Travel expenses to meet with legal counsel;

    D. Emotional and mental distress anxiety, worry, stress, loss of concentration, irritability and rage, misery, impairment of quality of work, and loss of the usual enjoyments of normal life;

    E. Physical distress resulting from her emotional and mental distress; and

    F. Interest on the losses recited above.

47. Because of the facts set forth in this Count of this complaint, Plaintiff is entitled to entry of a judgment in her favor against Defendant for actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A) and costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k(a)(3).

### VII. Request for Trial by Jury

48. Plaintiff calls for trial by jury.

### VIII. Conclusion

WHEREFORE, Plaintiff prays that the Court enter a judgment for actual and statutory

damages against Defendant; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the judgment rate; and such other relief as the Court deems just and proper.

Respectfully submitted,

**MONA ABOUZAKI**

By    /s/ Drew D. Sarrett
            Counsel

Drew D. Sarrett (VSB No. 81658)
The Sarrett Law Firm, PLLC
513 Forest Avenue, Suite 205
Richmond, Virginia 23229
Phone: (804) 303-1951
Fax: (804) 250-6005
E-mail: drew@sarrettlawfirm.com
*Counsel for Plaintiff(s)*